John B. Tenney, J.
Plaintiff seeks a temporary injunction directing the restoration of electric power because of the defendant’s failure to comply with section 15 of the Transportation *582 Corporations Law. The class action was dismissed by consent, and only her action continues. Defendant agrees to restore power pending the court’s decision interpreting the statute.
Plaintiff is a tenant in a two-family apartment house. Under her rental agreement, the landlord is to pay for all utilities, particularly, electrical service provided by this defendant. The landlord has paid the electric bill for the premises occupied by the plaintiff. However, the electrical service was turned off because of the nonpayment of electric bills on other properties owned by the landlord.
Plaintiff does not question the authority of the defendant to shut off the electricity on this property. (Dworman v. Consolidated Edison Co., 26 A D 2d 535.) The sole issue raised by this proceeding is whether or not plaintiff is entitled to notice before the termination of service. Section 15 of the Transportation Corporations Law states: “ 1. If any person supplied with * * * electric light shall neglect or refuse to pay the * * * remuneration due for the same * * * such corporation may discontinue the supply of * * * electric light to the premises of such person *' * #. But the supply of * * # electric light shall not be discontinued for non-payment of bills rendered for service until and after a five-day written notice has been served upon such person * * * addressed to such person at premises where service is rendered. ” (Emphasis supplied.)
Defendant contends that it fulfilled its obligation when it sent the notice to the landlord. Since he is the person contracting and paying for the service, he is the only one entitled to notice. This argument is rejected. The tenant as a user of the service is also entitled to notice consistent with section 15.
The statute refers to “ any person supplied ” with the service. Certainly, the tenant fits that description. As a further safeguard, the law requires that the notice be delivered in person or to the ‘ ‘ premises where service is rendered ’ ’.
It is conceivable that personal notice to each tenant could create problems for the utility. This is particularly true in large metropolitan areas with high rise multiple dwellings and a transient population. Apparently, in order to facilitate the notice requirements under such conditions, the Legislature passed subdivision 7 of section 65 of the Public Service Law. In substance, this statute provides an alternate means, short of personal service, of giving notice to the users of electrical and other utility services in multiple dwellings in cities of over one million population.
*583 Although subdivision 7 of section 65 is silent as to multiple dwellings elsewhere in the State, its philosophy of notice should not be overlooked. The principal obligation of utilities is to serve the public. Such corporations are 11 not permitted to choose [their] customers or to discriminate between customers by extending unreasonable conditions and perferences to some, but must serve all on a basis of fairness and equality.” (Brewer v. Brooklyn Union Gas Co., 33 Misc 2d 1015, 1019.)
It appears from the action of the Legislature that it intended that tenants should have notice before the termination of service. (Public Service Law, § 65, subd. 7.) An alternate method of notice for the 'convenience of the utility should not be construed as an attempt to create an exception. In order to avoid an unlawful discrimination between customers based upon locale, section 15 of the Transportation 'Corporations Law should be interpreted as requiring notice to all users of the utility service before termination for failure to pay. (Public Service Law, § 65, subd. 3; Matter of City Ice & Fuel Co. v. Public Serv. Comm., 260 App. Div. 537.)
The plaintiff’s application for a temporary injunction is granted.